APPENDIX

ATTACHMENT A

587 A.2d 833

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,**

v.

**ANTLER CAFE, INC., Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1990.

Decided Feb. 19, 1991.

Reargument Denied April 8, 1991.

76

Leonard R. Omolecki, Jr., Asst. Counsel, with him, Eileen S. Maunus, Acting Chief Counsel, Harrisburg, for appellant.

Lenora M. Smith, Harrisburg, for appellee.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) which dismissed an order of the Board imposing an additional 34–day suspension of license penalty upon Antler Cafe, Inc. (Antler). We affirm.

The issues presented are: (1) whether the trial court has initial jurisdiction over this appeal, in light of Section 933(a)(1)(v) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(v), which gives the trial court jurisdiction over appeals from the Board; and (2) whether the Board can impose an additional suspension penalty upon Antler, whose liquor license expired before it served its full 90–day suspension penalty.

After a hearing on the merits, the Board held that Antler violated provisions of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1–101—9–902. Antler was cited for insufficient supply of food, insufficient seating accommodations, unsanitary conditions, and for issuing checks, which were returned due to insufficient funds. As a result, the Board revoked Antler's liquor license and ordered the forfeiture of its bond. Antler appealed this decision to the trial court, which held that the revocation was not warranted because of mitigating factors and reduced the penalty to a 90–day suspension. This Court affirmed the trial court's order and the Board did not file a petition for allowance of appeal to the Supreme Court.

Antler's suspension started on December 6, 1988, and was to terminate on March 6, 1989. However, Antler's license expired on January 31, 1989. Under Section 470(a) of the Code, 47 P.S. § 4–470(a), Antler could have filed an application for the renewal of its license 60 days before the expiration of its old license. Instead, Antler applied on January 27, 1989 under an exception to Section 470(a),

which allows for applications after the 60–day period as long as the applicant shows reasonable cause and pays an additional late filing fee of $100.00. The Board accepted the application but informed Antler that the Board could not ensure that the license would be renewed before the expiration of the old license, because the Board had to obtain certification from the State that all State taxes had been paid. Antler's license was renewed on March 3, 1989 and on March 6, 1989, the cafe was reopened for business.

The Board argues that Antler avoided serving part of its suspension penalty by not filing for renewal of its license until January 27, 1989, three days before the expiration. In essence, the Board imposed the additional 34–day suspension upon Antler because, between February 1, 1989 and March 2, 1989, Antler did not have a license which could have been suspended. Therefore, according to the Board, Antler could not have served its suspension during this period of time and circumvented the penalty.

In response, Antler filed a rule to show cause alleging that the 90–day suspension had been served and claiming lack of notice of the amended suspension order. The Board responded with a motion to quash alleging that the trial court lacked jurisdiction, that the suspension had not been served, and that Antler was collaterally estopped from relitigating the issues related to the 90–day suspension. The trial court retained jurisdiction over this case and dismissed the Board's order imposing the additional 34–day suspension.

Our scope of review in a liquor license suspension case is to determine whether the trial court made errors of law or abused its discretion, and whether the trial court's findings of fact are supported by substantial evidence. *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988); *Pennsylvania Liquor Control Board v. The Boardwalk, Inc.*, 119 Pa.Commonwealth Ct. 555, 547 A.2d 1271, *modified*, 119 Pa.Cmwlth. 555, 559 A.2d 594 (1988). First, we must determine whether the trial court

erred as a matter of law when it retained jurisdiction over this appeal from the Board.

■■■ Section 933(a)(1)(v) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(v) provides:

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), *each court of common pleas shall have jurisdiction of appeals* from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases:

.        .        .        .        .

(v) Determinations of the Pennsylvania Liquor Control Board appealable under the act of April 12, 1951 (P.L. 90, No. 21), known as the 'Liquor Code,' except matters appealable under sections 433, 444 or 710 of the act. Except as otherwise prescribed by general rules, the venue of such matters shall be as provided in the act. (Emphasis added, footnote omitted.)

Furthermore, the Supreme Court states:

The trial court's responsibility is to conduct a *de novo* hearing or review, make a determination of the facts and applicable law, and then sustain, reject, alter or modify the penalty imposed by the Board. This is so whether the lower court hears the evidence anew, takes additional testimony or merely reviews the official transcript of the proceedings before the Board.

*Id.,* 519 Pa. at 114–15, 546 A.2d at 25. Application of both statutory and common law indicates that the trial court has jurisdiction over the present matter. Therefore, Antler's petition to show cause was properly filed and the trial court's retention of jurisdiction was appropriate.

The Board argues that its order resetting the license suspension is not a matter appealable under the Liquor Code. Therefore, the trial court cannot assume jurisdiction pursuant to 42 Pa.C.S. § 933(a)(1)(v), because that section specifies that the trial court has jurisdiction over appeals

under the Code. Section 471 of the Code, 47 P.S. § 4–471, governs appeals from enforcement matters where a fine, suspension, or revocation has been imposed. According to the Board, since this is a rescheduling of an already decided suspension, Section 471 does not apply. The Board, however, mischaracterizes the Board's actions in this case, since the Board did not merely reschedule Antler's penalty. As was correctly noted by the Honorable John C. Dowling of the Dauphin County Court of Common Pleas, "a mere resetting [or rescheduling] of a suspension occurs when the Board shifts the dates upon which a penalty is to commence and terminate, but does not alter the length of the penalty imposed." *Antler Cafe v. Pennsylvania Liquor Control Board*, (Court of Common Pleas of Dauphin County, No. 191 M.D. 1989, filed July 11, 1989, slip op, at 6). This case involves the Board's imposition of an additional 34–day penalty. ₒ Section 471 of the Code specifically grants standing to appeal to the court of common pleas to any person who is "aggrieved" by an action of the Board involving the suspension or revocation of a liquor license. Hence, Antler has standing, pursuant to Section 471 of the Code, because it was aggrieved by the Board's imposition of an additional 34–day suspension penalty.

■ Finally, we reject the Board's contention that Antler could not serve a suspension of its liquor license privilege when its license had expired. The Board contends that Antler should have filed its license renewal application at least 60 days before its license expired in compliance with Section 470(a) of the Code, 47 P.S. § 4–470(a). According to the Board, if Antler had renewed in a more timely fashion, there would be no controversy because the suspension would have been served while the license was in effect. The Board also argues that Antler should not be permitted to choose when and how the Code will apply. This is not what Antler has done. Section 470(a) of the Code states: "[T]he board, in its discretion, may accept a renewal application filed less than sixty days before the expiration date of the license with the required bond and fees, upon reason-

able cause shown and the payment of an additional filing fee of one hundred dollars ($100.00)...." 47 P.S. § 4–470(a).

Antler relied on this provision and filed its application after the start of the 60–day period. The Board accepted the application and issued the license. Antler should not be penalized for its reliance upon this provision. Furthermore, it was within the Board's discretion to reject Antler's application. However, it accepted the application consistent with the statute. Additionally, the Board, not Antler, had control over when its license would be renewed and, therefore, Antler did not select the time when the Code would apply. The fact that the license was not in effect during the last 34 days of the suspension is due to the timing of the administrative procedure of license renewal, combined with the application of the exception to the 60–day rule of Section 470(a) of the Code. Hence, Antler should not be penalized for the 34–day interim period while its license was expired and suspended at the same time.

We note that the net result in this matter was that Antler was without its license for 90 days, which was the obvious intention of the trial court.

Accordingly, the order of the trial court dismissing the Board's order, which imposed an additional penalty 34–day suspension, is affirmed.[1]

## ORDER

AND NOW, this 19th day of February, 1991, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

SILVESTRI, Senior Judge, dissenting.

I dissent from the majority's findings that the trial court had jurisdiction to hear this matter and that Antler had

1. This opinion was reassigned to the present author on January 14, 1991.

served its 90–day suspension when it was without a valid license for 34 days during the suspension period.

Antler's 90–day suspension started on December 6, 1988 and was to terminate on March 6, 1989. However, on January 31, 1989, while serving the suspension, Antler's liquor license had expired by reason of not being timely renewed. In reliance on the proviso which allows applications for renewal to be filed less than 60 days before the expiration date of its current license, Antler filed for renewal four days prior to expiration. The Board accepted the application but informed Antler that the Board could not ensure that the license would be renewed before the expiration of the existing license. On March 3, 1989, Antler's previous license was renewed and the cafe reopened for business on March 6, 1989. Thus, Antler had no liquor license from February 1, 1989 to March 3, 1989.

The Board issued an amended order on March 14, 1989 stating that since Antler had served only 56 days of the 90–day suspension before its license expired, the balance of 34 days was directed to be served under the renewed license to fulfill the 90–day, previously imposed, suspension. Antler filed a Rule to Show Cause in the Court of Common Pleas of Dauphin County, challenging the amended order, alleging that the 90–day suspension had been served. The Board objected to the trial court's jurisdiction and alleged that the license suspension could not be served while no license privilege existed. The trial court rejected the Board's argument and dismissed its amended order. The majority affirms the trial court's order.

I object first to the finding that the trial court had jurisdiction to hear Antler's Rule to Show Cause. The question as phrased in this context is, where a liquor license is properly suspended for a period of 90 days, and the annual renewal period for that license occurs during the 90–day period, and the Board allows the licensee to file a late application for renewal (in this case 4 days before the license expires), and by reason of the inability of the Board to timely process the late application, the license expired, at

which time only 56 days of the original 90–day suspension had passed, and thereafter the Board renewed the license, and, also, thereafter the Board directs that the remaining 34 days of the 90–day suspension be served under the renewed license, does the court of common pleas have jurisdiction to determine the validity of such order by the Board?

The majority holds that since Section 933(a)(1)(v) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(v), provides for the court of common pleas to have jurisdiction over appeals from determinations of the Liquor Control Board appealable under the Liquor Code, it had jurisdiction over Antler's Rule to Show Cause since it was an "aggrieved" party under Section 471 of the Liquor Code, 47 P.S. § 4–471. However, the majority fails to properly consider what actions are appealable under the Liquor Code. Section 471(a) of the Liquor Code, 47 P.S. § 4–471(a), grants authority to the enforcement bureau to direct that a hearing be held before an administrative law judge to determine whether a license "should not be suspended or revoked or a fine imposed, or both" for any violation of (1) the Liquor Code; (2) any laws of the Commonwealth relating to liquor, alcohol or malt or brewed beverages; (3) any regulations of the Board adopted pursuant to such laws; (4) any laws of the Commonwealth or of the Federal Government relating to the payment of taxes on liquor, alcohol or malt or brewed beverages; or upon any other sufficient cause shown.

Section 471(b) provides that after the hearing, the administrative law judge, if satisfied that any such violation has occurred or for other sufficient cause shown, "shall immediately suspend or revoke the license, or impose a fine." In the event the enforcement bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the adjudication, there is a right to appeal to the Board. In the event the enforcement bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the Board, there is a right to appeal to the court of common pleas in

the same manner as provided in the Liquor Code, in Section 464, for appeals from refusals to grant licenses.

Section 464, as herein relevant, provides that any applicant who has appeared at any hearing who is aggrieved by the refusal of the Board to issue any license or to renew or transfer any license may appeal to the court of common pleas. The court of common pleas shall hear the appeal *de novo* on questions of fact, administrative discretion and such other matters involved.

Antler argues, and the majority finds, that since the procedure set forth in Section 471 governs the appeal of the original order setting the suspension, an appeal of the amended order which resets the suspension period would follow the same appellate procedure. The Board argues that the Liquor Code does not provide for appeals of administrative orders such as that entered herein, but instead such appeals are governed by the Administrative Agency Law. Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, provides:

> Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

Accordingly, the Board argues, Commonwealth Court has jurisdiction over the appeal from the amended order of the Board instead of the common pleas court under Section 763 of the Judicial Code. 42 Pa.C.S. § 763, states:

> (a) General rule.—Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and ... from any other Commonwealth agency having Statewide jurisdiction.

In the present case, after Antler's original hearing and appeal, the Board found a number of violations and directed that Antler's license be revoked and its bond forfeited. As a party aggrieved by an action of the Board involving the suspension or revocation of its license, Antler appealed to the court of common pleas. The trial court reduced the penalty to a 90–day suspension, which penalty was affirmed by this Court.

The violations found by the Board and noted by the court of common pleas fall under those delineated in Section 471 of the Liquor Code as violations of any laws of the Commonwealth relating to liquor, alcohol or malt or brewed beverages and any regulations of the Board adopted pursuant to such laws. I have gone to great lengths to set forth the provisions of this statute and the function of the court of common pleas. The review of the court of common pleas, although *de novo*, is a review of questions of fact and administrative discretion in the determination of the listed violations of Section 471(a) which are charged against the licensee. Antler's Rule to Show Cause did not contain questions of fact or administrative discretion relative to the validity of the original 90–day suspension. That determination is final. The issue here is whether the Board had the authority to reschedule the serving of a balance of a suspension period which could not be served because of the licensee's failure to timely renew its license. Nothing in Section 471 or any of the regulations set forth that such an appeal shall be taken to the court of common pleas.

Both the Board and the licensee have the right to appeal from the determination of suspension by the administrative law judge, Section 471(b), and thereafter to this Court and the Supreme Court. Obviously the time of finality of an imposed suspension cannot be fixed with accuracy. However, once a suspension has become final, it is then incumbent upon the Board to fix the period for the serving of the finally determined suspension. This is done by the Board by giving the licensee notice of when the determined suspension period shall begin and when it is completed. The

fixing of the dates for the service of the determined suspension is merely an administrative act; it does not in any manner affect the merits of or the due process rights of the licensee in the determination of the suspension which had become final. In the present case, the majority's determination that the Board imposed an additional penalty upon Antler by ordering it to serve 34 days of suspension, beyond the original 90 days of suspension, leads it to determine that the court of common pleas had jurisdiction over this appeal. I read the provisions of the Liquor Code, the Judicial Code and the Administrative Agency Law to vest jurisdiction of the issue raised herein in the Commonwealth Court and not in the court of common pleas.

I next object to the majority's finding that Antler served its 90–day suspension during the period while it waited for renewal of its expired license, from February 1 to March 2, 1989.

The Liquor Code governs licensure of premises for the sale of liquor and/or malt or brewed beverages. A liquor license must be renewed yearly, and Section 470, 47 P.S. § 4–470, sets forth the procedure to be followed for its renewal. Section 491, 47 P.S. § 4–491, provides that the sale of malt or brewed beverages without a valid liquor license is unlawful.

It is clear that Antler was unable to operate during the period after its license had expired due to its untimely renewal application and while it awaited renewal thereof, as such operation would be in violation of the law as stated above. A license suspension is a sanction which prevents a licensee from performing an act it is otherwise authorized to perform. During the period while Antler waited for its license renewal it was not authorized to sell liquor and/or malt or brewed beverages, not because of the 90–day suspension but because it had no license to do so. The majority's acceptance of Antler's argument that having no renewed license to operate also constitutes a service of license suspension (since the same result—loss of the license for 90 days—was effected) vitiates the penalty because the penal-

ty acknowledges a valid license, and to allow a licensee to serve a suspension without a renewed license vitiates the law regarding penalties. Accordingly, I would find that Antler did not serve a suspension during that period.

For the foregoing reasons, I would affirm the Board's amended order directing Antler to serve the remaining 34 days of its license suspension.